UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE HERTZ CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-2775-B |
| | § | |
| IMPACT HAIL SOLUTIONS LLC et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff The Hertz Corporation ("Hertz")'s Motion for Default Judgment against Dent Mavericks, LLC and John B. Roush (Doc. 26).

In August 2025, Hertz obtained a default judgment against Dent Mavericks. *See* Default Judgment, *The Hertz Corp. v. Dent Mavericks, LLC*, 3:24-cv-1176-D (N.D.T.X. Aug. 7, 2025), Dkt. No. 37 (hereinafter the "2025 Judgment"). Before the 2025 Judgment was entered, Roush, the owner of Dent Mavericks, formed Impact Hail Solutions ("IHS"). Doc. 1, Compl. ¶¶ 27-31. The Texas Secretary of State then placed a tax forfeiture on Dent Mavericks—resulting in Dent Mavericks shutting down. *Id.* ¶¶ 32-34. Hertz alleges that Roush fraudulently transferred assets from Dent Mavericks to IHS in order to avoid paying the 2025 Judgment. *Id.* ¶¶ 38, 44.

On October 13, 2025, Hertz sued Dent Mavericks, Roush, and IHS for violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA") in this Court. *Id.* ¶¶ 35-49. In the alternative, Hertz sued Roush for conspiracy. *Id.* ¶¶ 50-56. IHS filed an answer denying it violated TUFTA. *See* Doc. 11, Answer ¶¶ 35-42. Defendants Dent Mavericks and Roush did not file an answer or otherwise appear in this case after being served. *See* Doc. 26, Mot. ¶ 2; *see also* Doc. 13, Show Cause

Order, 1. On March 12, 2026, the Clerk entered Default against Dent Mavericks and Roush at Hertz's request. *See* Doc. 20, Entry of Default, 1. On May 15, 2026, Hertz filed a Motion for Default Judgment requesting the Court enter default judgment against Dent Mavericks and Roush, jointly and severally, in the amount of $1,100,639.62. Doc. 26, Mot. ¶ 23.

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted). A party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted).

Federal Rule of Civil Procedure 54(b) states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Typically, Courts refrain from deciding default judgment motions until the claims against all parties have been adjudicated. *See Richards v. X Corp.*, No. 3:25-CV-0916-X, 2025 WL 2980647, at *1 (N.D. Tex. Oct. 22, 2025) (Starr, J.) (citations omitted); *see also Lohri v. Countrywide Home Loans, Inc.*, No. 4:12CV568, 2013 WL 308893, at *1 (E.D. Tex. Jan. 25, 2013), *report and recommendation adopted*, 2013 WL 12404187 (E.D. Tex. Sept. 30, 2013). Withholding entry of default judgment is appropriate to avoid the risks of inconsistent adjudications and prejudice to the non-defaulting party. *See Berkshire Bank v. Sichem, Inc.*, No. 1:24-CV-01275-RP, 2025 WL 1692880, at *2 (W.D. Tex. June 10, 2025), *report and recommendation adopted*, 2025 WL 1789662 (W.D. Tex. June 27, 2025).

Here, Hertz's Motion for Default Judgment is premature. Hertz's TUFTA claims against IHS, Dent Mavericks, and Roush all derive from the same factual allegations. Granting the Motion for Default Judgment at this time could lead to the Court "enter[ing] judgment for the plaintiff against the defaulting defendant, only to later enter judgment *against* the plaintiff on the same claim against the other defendant." *Wieck v. Synrg. Royce LLC*, No. A-17-CV-599 LY, 2018 WL 620048, at *1 (W.D. Tex. Jan. 30, 2018) (emphasis in original), *report and recommendation adopted*, 2018 WL 4732083 (W.D. Tex. Aug. 17, 2018). That is exactly the type of inconsistent adjudication Courts wish to avoid. Hertz's conclusory assertion that "entry of judgment as to Dent Mavericks and Roush is appropriate under" Rule 54(b), Doc. 26, Mot. ¶ 22, is insufficient to convince the Court that it should "expressly determine[] that there is no just reason for delay." *See* Fed. R. Civ. P. 54(b).

For the foregoing reasons, the Court **DENIES** Hertz's Motion for Default Judgment (Doc. 26) **WITHOUT PREJUDICE**. Hertz may refile its Motion for Default Judgment after the claim against IHS has been decided.

**SO ORDERED.**

**SIGNED: May 29, 2026.**

_____
JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE